*[NOT FOR PUBLICATION]*

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                                          Case No. GL 13-08098

ANTHONY MICHAEL RICHARDSON                                      Chapter 7
and AMIE MICHELLE RICHARDSON,
                                                                Hon. John T. Gregg
        Debtors.
                                                    /

JOHANNES MATTHYSSEN and
HENDRIKA MATTHYSSEN,
                                                                Adv. Pro. No. 13-80338
        Plaintiffs,

vs.

ANTHONY MICHAEL RICHARDSON
and AMIE MICHELLE RICHARDSON,

        Defendants.
                                                    /

### MEMORANDUM OPINION REGARDING PLAINTIFFS'
### MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

This matter comes before the court on the plaintiffs' motion for leave to file an amended complaint. In their motion and proposed amended complaint, the plaintiffs seek to assert new causes of action under sections 523(a)(2)(A) and 523(a)(6) to accompany their originally pled cause of action under section 523(a)(4). The defendants have objected to the relief sought in the motion and argue, among other things, that the plaintiffs are time barred pursuant to Rule 4007(c) of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and that it would be inappropriate to grant leave to amend, notwithstanding Rule 15(c) of the Federal Rules of Civil Procedure (collectively,

the "Federal Civil Rules"). For the reasons set forth below, the court will grant the plaintiff's motion for leave to file an amended complaint.

## FACTUAL BACKGROUND[1]

### A.    Construction Agreement

Prior to the Petition Date (as defined below), Johannes Matthyssen, Hendrika Matthyssen (collectively, the "Plaintiffs") and Kingsmen, Inc. ("Kingsmen") entered into an agreement whereby Kingsmen was to construct an addition to the Plaintiffs' existing residence.[2] As partial consideration for the work contemplated by the agreement, the Plaintiffs provided a down payment in the amount of $18,000.00 to Kingsmen. Although Kingsmen was supposed to commence work on the project so that it would be completed prior to the impending winter, Kingsmen failed to complete the project by mid-November 2012, and the portions of the project that had been completed were apparently not to the satisfaction of the Plaintiffs. Moreover, Anthony Richardson, Amie Richardson (collectively, the "Defendants") and Kingsmen allegedly failed to pay various subcontractors and suppliers for labor and materials related to the project. The Plaintiffs therefore terminated their relationship with Kingsmen in November 2012. Ultimately, the Plaintiffs engaged another contractor to complete the project.

---

[1]    In order to summarize the pertinent facts, the court has relied on the original complaint, the answer to the original complaint, the pleadings related to the motion for summary judgment, the motion for leave to amend, the response thereto and the statements of the parties at oral argument. Nothing contained in this Memorandum Opinion should be construed as a determination of findings of fact at this early stage of the adversary proceeding.

[2]    The Defendants are the principals, shareholder, directors and/or officers of Kingsmen.

**B.      State Court Action**

In March of 2013, the Plaintiffs commenced a civil action against Kingsmen and the Defendants in the 55th District Court for the State of Michigan (the "State Court") for (i) violations of the Michigan Building Contract Fund Act, Mich. Comp. Laws § 570.151, *et seq.* [3] (the "MBTFA"), (ii) statutory conversion, (iii) misrepresentation, (iv) breach of contract, and (v) breach of express warranty.  Approximately six months later, the State Court granted the Plaintiffs' motion for summary disposition and entered judgment against the Defendants (the "State Court Judgment").[4]  The State Court Judgment provided no findings of fact or conclusions of law. [5]  Instead, the State Court Judgment stated that the motion for summary disposition was granted for the reasons set forth on the record and awarded damages in the amount of $25,000, plus attorneys' fees of $9,574.21 and interest at the judgment rate.

**C.      Adversary Proceeding**

On October 16, 2013 (the "Petition Date"), the Defendants filed a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  Thereafter, the Plaintiffs commenced this adversary proceeding by filing their complaint which, as previously noted, contained a single cause of action under section 523(a)(4) for violations of the MBTFA [Adv. Dkt. No. 1] (the "Original Complaint").[6]  The Original Complaint referenced,

---

[3]      This Act is often referred to as the "Michigan Builders Trust Fund Act."

[4]      The State Court Judgment applied to the Defendants, but apparently not Kingsmen.

[5]      The State Court's bench opinion contained limited findings of fact.  [Adv. Dkt. No. 10]

[6]      Four days later, the Plaintiffs filed a motion for summary judgment on the theory that the Defendants were subject to collateral estoppel by virtue of the State Court Judgment.  After the briefing was concluded, this court conducted a hearing on the motion for summary judgment and ultimately held the Plaintiffs had not satisfied their burden under Bankruptcy Rule 7056.

among other things, an "intent to defraud", "misappropriation", and that the Defendants "absconded" with the down payment.  Importantly, the Original Complaint attached the complaint and motion for summary disposition filed in the State Court.  Both documents alleged, in detail, that the Defendants were liable for violations of the MBTFA, statutory conversion and fraudulent misrepresentation.  The Plaintiffs also attached to the Original Complaint a copy of the Defendants' response to the Plaintiffs' motion for summary disposition filed in the State Court.  The Defendants' response in the State Court addressed, in detail, not only the alleged violations of the MBTFA, but also the causes of action for statutory conversion and fraudulent misrepresentation.

At a pretrial conference conducted on May 22, 2014, the Plaintiffs indicated that they were contemplating a motion for leave to amend the Original Complaint to add causes of action.  The court therefore imposed a deadline of July 22, 2014 by which the Plaintiffs were required to file a motion (or stipulation) for leave to file an amended complaint.  [Adv. Dkt. No. 16]

On the last day possible, but nonetheless within the deadline imposed by the court, the Plaintiffs filed their motion for leave to file an amended complaint [Adv. Dkt. No. 17] (the "Motion to Amend"), which attached a proposed amended complaint (the "Proposed Amended Complaint").  In their Motion to Amend, the Plaintiffs assert they should be granted leave to file the Proposed Amended Complaint because their request is not founded in bad faith, and the Defendants would not suffer any prejudice.

The Proposed Amended Complaint seeks to add new causes of action for fraud under section 523(a)(2)(A) and willful and malicious injury (*i.e.*, conversion) under section 523(a)(6).  (*See* Prop. Am. Compl. at ¶¶ 19-31, 43-49.)  The Proposed Amended

Complaint also seeks to assert new allegations, the majority of which relate to the *prima facie* elements of fraud and/or fraudulent misrepresentation under Michigan law.  (*See* Prop. Am. Compl. at ¶¶ 7-9, 13.)

The Defendants opposed the relief requested in the Motion to Amend by timely filing a response [Adv. Dkt. No. 20] (the "Response"), in which they contend that the court should deny the request for leave to amend the Original Complaint because the deadline to file non-dischargeability actions under Bankruptcy Rule 4007(c) has long passed. According to the Defendants, the Plaintiffs had sufficient opportunity to include the new causes of action in their Original Complaint, but for whatever reason elected to proceed solely on the basis of section 523(a)(4).  The Defendants also argue that the Plaintiffs should not be the beneficiaries of equitable tolling and that the Defendants waived any right to seek leave to amend under Federal Civil Rule 15(c).

A hearing on the Motion to Amend was held before this court on August 19, 2014. After listening to oral arguments from both parties, the court took the Motion to Amend under advisement.

**DISCUSSION**

**A.     Legal Standard**

Bankruptcy Rule 4007(c) provides that, subject to certain exceptions, a complaint to determine the dischargeability of a debt under section 523(c) of the Bankruptcy Code must be filed no later than sixty (60) days after the date first set for the meeting of creditors under section 341(a) of the Bankruptcy Code.  Section 523(c), in turn, applies to causes of action under section 523(a)(2), (4) and (6).  11 U.S.C. § 523(c).  The deadline imposed by Bankruptcy Rule 4007(c) is not phrased as a "statute of limitations," but essentially

functions in that regard.  *Re/Max Properties, Inc. v. Barnes (In re Barnes)*, 96 B.R. 833, 836 (Bankr. N.D. Ill. 1989).  "As such, that 60-day period is one of the shortest and most draconian statutes of limitations in the Free World."  *Id.*  Although the deadline is to be strictly and narrowly construed, Bankruptcy Rule 4007(c) operates in conjunction with Bankruptcy Rule 7015 (incorporating Federal Civil Rule 15).  *ZVI Constr. Co., LLC v. Huggard (In re Huggard)*, 510 B.R. 668, 672 (Bankr. D. Mass. 2014).

Federal Civil Rule 15 applies in bankruptcy adversary proceedings.  *See* Fed. R. Bankr. P. 7015.  Federal Civil Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R.  Civ. P. 15(a)(2).  The same rule further states that where the statute of limitations has run, an amended complaint will relate back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading. . ." Fed. R. Civ. P. 15(c)(1)(B).

The Sixth Circuit Court of Appeals has previously succinctly summarized amendments under Federal Civil Rule 15(c):

> Rule 15(c) is "based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction or occurrence." *Brown v. Shaner*, 172 F.3d 927, 932 (6th Cir. 1999).  Rule 15(c)(2) does not define the scope of the terms "conduct, transaction or occurrence."  When applying this standard to the facts of a given case, the Court gives content to those terms not by generic or ideal notions of what constitutes a "conduct, transaction or occurrence," but instead by asking whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading. *See Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006) ("The criterion of relation back is whether the original complaint gave the defendant enough notice of the

> nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one.")  The Rule also must be interpreted in light of the "fundamental tenor of the Rules," which "is one of liberality rather than technicality."  *Miller*, 231 F.3d at 248.

*U.S. ex rel. Bledsoe v. Community Health Sys., Inc.*, 501 F.3d 493, 2007 WL 2492439, at *17 (6th Cir. Sept. 6, 2007); *see Alfes v. Educational Credit Management Corp. (In re Alfes)*, 709 F.3d 631, 640 (6th Cir. 2013) (proposed amended complaint related back because, among other things, defendant aware of claims as result of previous adversary proceeding).[7]  Hence, a new legal claim will relate back to the original complaint if it arises from the same conduct, transaction or occurrence.  *Miller v. Amer. Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000).  Similarly, an amendment that alleges additional events resulting in the same injury may relate back to the original complaint. *Id.* at 248 (citations omitted).

The decision of the Sixth Circuit Court of Appeals in *Miller* is not only instructive, but also controlling.  In *Miller*, the plaintiffs sought to amend their complaints against the defendants outside of the three-year statute of limitations provided by the Jones Act to allege exposure to benzene products, rather than the asbestos-related allegations in the original complaint.  *Miller*, 231 F.3d at 246.  The court found that the original complaint alleged exposure to other hazardous substances and that the amended complaint merely pled with more specificity the exposure that arose from the same transaction or occurrence alleged in the original complaint.  *Id.* at 249.  The court left undecided the

---

[7]     In 2007 Federal Civil Rule 15 was revised such that subsection (c)(2) became (c)(1)(B).  However, the substance and operation of the rule were unchanged.  *ZVI Construction Co., LLC v. Huggard (In re Huggard)*, 510 B.R. 668, 672 n. 12 (Bankr. D. Mass. 2014) (citation omitted).

question of whether extrinsic evidence *outside of the pleadings* is sufficient to provide notice of additional claims to defendants. *Id.* at 251 n.8.

Although the focus of Federal Civil Rule 15(c)(1)(B) is whether the claim arises from the same conduct, transaction or occurrence, in *Miller* the Sixth Circuit Court of Appeals also instructed courts to consider other factors, such as (i) any undue delay in filing the motion for leave to amend, (ii) bad faith by the moving party, (iii) repeated failure to cure deficiencies in previous amendments, (iv) prejudice to the opposing party, and (v) futility of amendment. *Id.* at 250 (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)); *see Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962).

Numerous courts have previously considered whether to grant leave to amend an original complaint notwithstanding the expiration of the time set forth in Bankruptcy Rule 4007(c). *See*, *e.g.*, *Am. Asset Fin. v. Feldman (In re Feldman)*, 506 B.R. 222 (Bankr. E.D. Pa. 2014); *In re Huggard*, 510 B.R. at 668; *Wilson Family Foods v. Brown (In re Brown)*, 467 B.R. 536 (Bankr. M.D. Ga. 2012); *New Century Bank, N.A. v. Carmell (In re Carmell)*, 424 B.R. 401 (Bankr. N.D. Ill. 2010); *Harcourt v. Mallaley (In re Mallaley)*, 398 B.R. 220 (Bankr. S.D. Ohio 2008); *Rowland v. Walls* (*In re Walls)*, 375 B.R. 399 (Bankr. S.D. Ohio 2007); *Gattalaro v. Pulver (In re Pulver)*, 327 B.R. 125 (Bankr. W.D.N.Y. 2005) (allowing amendment because, among other things, defendant on notice of additional claims due to prior state court divorce pleadings attached to original complaint); *Adamovic v. Lazarevic (In re Lazarevic)*, 2012 WL 3778946 (Bankr. E.D. Tenn. Aug. 30, 2012).

**B.    Analysis**

In the instant adversary proceeding, the Plaintiffs seek leave to amend their Original Complaint after the deadline imposed by Bankruptcy Rule 4007(c), as the date

first set for the meeting of creditors was December 5, 2013.  [*See* Dkt. No. 2]  Upon review of the Proposed Amended Complaint, the Plaintiffs' proposed new causes of action and allegations are predicated on the same nucleus of operative facts as their Original Complaint and therefore relate back under Federal Civil Rule 15(c).

### 1.      Relation Back Under Fed. R. Civ. P. 15(c)

The events giving rise to the cause of action under sections 523(a)(2) and 523(a)(4) all relate to the relationship between the Plaintiffs, Defendants and Kingsmen that was created when Kingsmen (and, by imputation, the Defendants) failed to perform in accordance with the agreement.  *See Newman v. Kroszynski (In re Newman)*, 150 B.R. 209, 212 (Bankr. N.D. Ill. 1993).  The Original Complaint alleges that the Defendants not only failed to remit funds to subcontractors and suppliers in violation of the MBTFA (*e.g.*, defalcation, fraud or embezzlement), but also intimated that (i) the Defendants intended to defraud the Plaintiffs, (ii) misappropriated (or at least caused the misappropriation of) funds due to the Plaintiffs, and (iii) absconded with the down payment provided by the Plaintiffs.  These references in the text of the Original Complaint are arguably sufficient to place the Defendants on notice that they "could be called to answer for the allegations" in the Original Complaint.[8]

Assuming *arguendo*, however, that the allegations in the text of the Original Complaint related to sections 523(a)(2) and 523(a)(6) are alone insufficient, the Defendants were nonetheless fully aware that additional causes of action under section 523(a)(2) for fraud and section 523(a)(6) for conversion could potentially be raised in the

---

[8]      Notably, as clarified by the Plaintiffs at oral argument, the damages sought by the Plaintiffs in their Proposed Amended Complaint remain essentially the same as those requested in the Original Complaint.

context of this adversary proceeding.  To *wit*, both Defendants were not only named in the State Court litigation, but also actively participated by filing an answer to the complaint and defending against the motion for summary disposition.   Moreover, the Defendants' notice of these state law-based causes of action was buttressed when the Plaintiffs attached to the Original Complaint copies of various pleadings from the State Court, including the Defendants' own response to the Plaintiffs' motion for summary disposition. *See* Fed. R. Bankr. P. 7010(c) (copy of written instrument that is exhibit to pleading is part of pleading for all purposes).  Unlike in *Miller*, where the plaintiffs sought to introduce extrinsic evidence outside of the pleadings in order to demonstrate notice of additional claims to the defendants, the Defendants in this case were clearly on notice of potential additional claims and allegations based on matters inside the pleadings.[9]

In their Response, the Defendants seemingly request that this court apply a *per se* rule against new theories or new claims.[10]  The Defendants contend that the Proposed Amended Complaint contains "new claims" and/or "new theories", the presence of which should preclude amendment under Federal Civil Rule 15(c).  However, no such *per se* rule exists.  As the Sixth Circuit has recognized, a complaint may be amended to include "new claims" or "new theories" so long as they arise from the same conduct, transaction

---

[9]      In *Miller* the Sixth Circuit Court of Appeals declined to determine whether it is appropriate to consider extrinsic evidence outside of the pleadings for purposes of relation back under Federal Civil Rule 15(c). 231 F.3d at 251 n.8.  The court, in *dicta*, did state that it is "inclined to believe that notice may be provided by sources outside the pleadings." *Id.* (citations omitted).

[10]      In support of their argument against relation back, the Defendants cite to various decisions. However, these decisions are either misinterpreted or inapposite to the instant adversary proceeding.  *See In re Alfes*, 709 F.3d at 631 (considering res judicata and impact of assignment of loan documents, and ultimately concluding relation back appropriate); *Rowe v. Steinberg*, 253 B.R. 524 (E.D. Mich. 2000) (creditor sought extension of deadline to file original complaint under Fed. R. Bankr. P. 4007(c)); *Fort Knox Fed. Credit Union v. Brown (In re Brown)*, 224 B.R. 595 (Bankr. W.D. Ky. 1998) (considering whether new causes of action under section 523 related back to cause of action under section 727).

or occurrence. *See Miller*, 231 F.3d at 248. This is not a mechanical doctrine, but instead favors a determination on the merits. *See id.* Here, for the reasons stated above, the Plaintiffs' proposed new claims are clearly related to the Defendants' actions as sufficiently espoused in the Original Complaint and exhibits attached thereto.

### 2.    Additional Factors

The additional factors endorsed by the Sixth Circuit in *Miller* also weigh heavily in favor of granting the Motion to Amend. *See supra* at p. 8. The Plaintiffs first raised the possibility of amending the Original Complaint several months ago, but did not seek leave to amend until July 22, 2014. Under a different procedural posture, the Defendants might have a persuasive argument regarding the undue delay attributable to the Plaintiffs. In this instance though, the court established a deadline in its pretrial order for the Plaintiffs to seek leave to amend the Original Complaint. The Plaintiffs ultimately filed their Motion to Amend within the time period established by the court and only approximately seven (7) months after the filing of the Original Complaint. Thus, the Plaintiffs cannot be said to have unfairly delayed this adversary proceeding.

The Plaintiffs also cannot be said to have acted in bad faith. The Plaintiffs advised the Defendants and this court several months ago that they were considering a motion for leave to amend their Original Complaint.[11] There has been no allegation that the Plaintiffs are attempting to harass the Defendants or otherwise act with ill motive. The

---

[11]     In footnote 3 on page 4 of their Response, the Defendants state that the Plaintiffs raised the possibility of amendment only after their attorney reviewed a brief filed in another adversary proceeding regarding the ability to obtain treble damages under section 523(a)(4) for violations of the MBTFA. The court does not interpret such statement as an allegation of bad faith. However, even if such footnote could be construed as a bad faith argument, the court is not in a position to make a determination without more; nor would the court impute bad faith to the Plaintiffs in this case based solely on the fact that their attorney identified an issue in a separate adversary proceeding that might be pertinent to this adversary proceeding.

Plaintiffs are instead simply seeking to include causes of action and allegations related thereto that were essentially pursued by the Plaintiffs in the State Court litigation.  As such, the Defendants cannot argue that they were surprised by, or denied notice of, these claims.[12]

The Defendants are also unlikely to suffer any prejudice in the event that the Motion to Amend is granted, as no discovery or dispositive motion deadlines have been established to date.  Rather, the adversary proceeding is in its relative infancy.  While the court is somewhat troubled by the fact that the Plaintiffs were clearly on notice of their additional causes of action well in advance of the filing of this adversary proceeding, the court cannot conclude that any prejudice has resulted to the Defendants.  Rather, this court continues to be guided by the principle that decisions on the merits are favored, and thus leave to amend shall be given when justice so requires.

With respect to any repeated failure to cure deficiencies, the Plaintiffs have not previously sought leave to amend.  As for the last factor, the court cannot conclude at this stage whether the amendment would be futile.[13]

### 3.    Remaining Arguments

The Defendants' remaining arguments regarding equitable tolling and waiver are inapplicable and inapposite, respectively.  The Plaintiffs have not asserted, and thus the court will not consider, whether the doctrine of equitable tolling permits amendment.  The

---

[12]      It is worth noting that in the Response, the Defendants state that the complaint filed by the Plaintiffs in the State Court was bereft of any substantive allegations against Amie Richardson.  (Resp. at p. 2.)  The court is uncertain if it is being asked to infer, based on this statement, that Amie Richardson would be prejudiced by the proposed new causes of action. Regardless, upon review of the complaint filed in State Court and attached to the Original Complaint, it is clear that Amie Richardson was the subject of no less than fifteen (15) allegations relating to violations of the MBTFA, conversion and/or fraud.

[13]      The court notes that it is not making any determination with respect to the propriety of the additional causes of action, or for that matter, the sufficiency of the pleading, in the Proposed Amended Complaint.

doctrine of waiver does not apply, as the Plaintiffs' Motion for Leave contains sufficient discussion of the relation back doctrine under Federal Rule of Civil Procedure 15.

## CONCLUSION

For the foregoing reasons, the Motion for Leave shall be granted. A separate order consistent with this Memorandum Opinion shall issue forthwith.

**Signed: September 3, 2014**





John T. Gregg
United States Bankruptcy Judge